```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE        *    MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                      Case No.
LIABILITY LITIGATION             *    4:13-cv-236 (Terry)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Patricia Terry was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Terry brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Terry also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Terry brought her claims under several theories. Mentor seeks summary judgment on all of her claims. For the reasons set forth below, Mentor's summary judgment motion (ECF No. 36 in 4:13-cv-236) is granted in part and denied in part.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material*

fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Patricia Terry visited Dr. David Woo complaining of incontinence.  After some testing, Dr. Woo recommended that Terry undergo an ObTape implant procedure.  Dr. Woo implanted Terry with ObTape on March 31, 2005.  At a follow-up appointment in April 2005, Dr. Woo found that Terry had a retained suture from the implant surgery that caused an infection, and Dr. Woo treated her with antibiotics.  The next month, Terry visited Dr. Woo for another follow-up visit.  At that time, Dr. Woo found an exposed piece of ObTape at the incision site, where the retained suture had been.  Dr. Woo prescribed estrogen cream and told Terry that he would have to remove the exposed portion of the ObTape if the estrogen cream did not help the erosion.  By June 2005, more of Terry's ObTape was exposed, so Dr. Woo removed as much of Terry's ObTape as he could.  Terry continued to experience problems with infections.  In 2011, Terry saw a different doctor, who referred

to ObTape as a "recalled" mesh; Terry now attributes her problems with infections to ObTape. Terry Dep. 222:8-223:2, ECF No. 38-3.

Terry is a Georgia resident whose ObTape-related treatment took place in Georgia. On June 14, 2013, Terry served Mentor with a copy of her Complaint captioned in Hennepin County District Court of the State of Minnesota. Terry brought claims for strict liability, negligence, breach of express warranty, breach of implied warranty, common law fraud, constructive fraud, and negligent and intentional misrepresentation. Her husband Daniel brought a loss of consortium claim. Terry does not contest summary judgment as to her breach of warranty claims, and summary judgment is granted on those claims.

## DISCUSSION

The Terrys filed their action in Minnesota state court, and Mentor removed their action to the United States District Court for the District of Minnesota. The case was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree for purposes of summary judgment that Minnesota law applies to Plaintiffs' claims. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-md-2004, 2013 WL 286276, at *7 (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota).

Mentor contends that the Terry's claims are time-barred under Minnesota law and that her husband's loss of consortium claim is thus barred, as well. The statute of limitations for a strict liability claim is four years. Minn. Stat. § 541.05 subd. 2 ("[A]ny action based on the strict liability of the defendant and arising from the manufacture, sale, use or consumption of a product shall be commenced within four years."). The statute of limitations for a negligence claim is six years. Minn. Stat. § 541.05 subd. 1(5) (establishing six-year limitation period for personal injury claims not arising in contract or strict liability). Under Minnesota law, "a claim involving personal injuries allegedly caused by a defective product accrues when two elements are present: '(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission.'" *Klempka v. G.D. Searle & Co.*, 963 F.2d 168, 170 (8th Cir. 1992) (quoting *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th Cir. 1987)) (applying Minnesota law). The statute of limitations for fraud claims is six years. Minn. Stat. § 541.05 subd. 1(6). A fraud cause of action "shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." *Id.*

Here, Mentor contends that Terry first suffered some damage caused by ObTape when her doctor found an exposed piece of ObTape

4

in connection with a retained suture shortly after Terry's implant surgery. Although the doctor ultimately had to remove a portion of the ObTape, the evidence would permit a factfinder to conclude that the doctor believed (and therefore Terry believed) that the complications were caused by the retained suture, not by ObTape. Thus, a genuine factual dispute exists as to whether Terry's injuries were caused by ObTape or the retained suture.

In support of its argument that Terry's claims accrued on the date of her excision procedure, Mentor relies on *Klempka*. In that case, the plaintiff suffered injuries and was diagnosed with chronic pelvic inflammatory disease, which her doctor said was caused by the plaintiff's intrauterine device. *Id.* at 169. Several years later, the plaintiff was told that she was infertile and that the intrauterine device caused her infertility. *Id.* Applying Minnesota law, the Eighth Circuit concluded that the plaintiff's cause of action accrued when she first learned that she had an injury (chronic pelvic inflammatory disease) that was caused by the intrauterine device. *Id.* at 170.

But *Klempka* is distinguishable. There, the plaintiff's doctor told her that her chronic pelvic inflammatory disease was caused by the intrauterine device. Here, there is no such evidence, and this case is more similar to *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917 (8th Cir. 2004). In *Tuttle*, the district court found that the decedent's smokeless tobacco product

5

liability action accrued when the decedent discovered a lump in his cheek. The Eighth Circuit reversed because the decedent's doctor initially told the decedent that the lump was caused by an oral infection and was treatable with antibiotics—not that it was oral cancer caused by the tobacco. *Id.* at 922. Likewise, here, the evidence would permit a jury to conclude that Terry's doctor believed that Terry's complications, which occurred shortly after her implant surgery, were caused by a retained suture.

A genuine factual dispute exists as to when Terry experienced a physical injury that would commence the running of the statute of limitations. The relationship between the retained suture and Terry's ObTape-related problems is not sufficiently established in the present record for the Court to find as a matter of law that Terry's statute of limitations began to run when she first experienced problems associated with the retained suture or the ObTape. The present record would permit a reasonable factfinder to conclude that during a routine surgical follow-up visit, Terry's doctor found that a retained suture had caused an infection at Terry's incision site; when the infection did not respond to antibiotics or other treatment, Terry's ObTape became exposed at the incision site. It was not until much later, well within the statute of limitations, that a definitive connection was made between the ObTape and her problems. For these reasons, the Court concludes that Mentor has not met its burden of

6

establishing that the statute of limitations bars Terry's claims as a matter of law.[1]

CONCLUSION

For the reasons discussed above, Mentor's Motion for Summary Judgment (ECF No. 36 in 4:13-cv-236) is granted in part and denied in part.  Summary judgment is granted as to Terry's warranty claims but denied as to all other claims.  Her claims for strict liability, negligence, common law fraud, and negligent and intentional misrepresentation remain pending, as does her husband's loss of consortium claim.[2]

The parties shall notify the Court whether the parties agree to a *Lexecon* waiver by December 28, 2015.


IT IS SO ORDERED, this 21st day of December, 2015.


s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] This ruling does not mean that Mentor may not eventually prevail on its statute of limitations defense, but it is not entitled to prevail *as a matter of law* based on the present record.

[2] The Court construes Terry's "constructive fraud" claim as a claim for fraudulent misrepresentation based on the concealment of a material fact.

7